UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHERINE ELLEN OWENS,

     Plaintiff,                                 CIVIL ACTION NO. 13-13773

  v.

                                     DISTRICT JUDGE AVERN COHN
                                     MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

     Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

I.    **RECOMMENDATION**

    Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant

GRANTED, as there is substantial evidence on the record that claimant retained the residual

functional capacity for a limited range of medium work.

II.    **REPORT**

    A.    **Introduction and Procedural History**

    Plaintiff filed an application for Social Security disability income benefits on April

28, 2011, alleging that she had been disabled and unable to work since July 12, 2010, at age

52, due to chronic fatigue, an affective disorder and generalized anxiety. Benefits were

initially denied by the Social Security Administration. A requested <u>de novo</u> hearing was held

on August 10, 2012, before Administrative Law Judge (ALJ) Kathleen Eiler.  The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a limited range of medium work.  The Law Judge restricted claimant to simple, routine tasks in a low stress environment having no more than occasional changes in a work setting.  The ALJ added that Plaintiff could not be subjected to production rate demands, and was only able to occasionally interact with supervisors, co-workers and the general public.  The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits.  The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Claimant was 54 years old at the time of the administrative hearing (TR 42).  She had graduated from high school, and had been employed during the relevant past as an assistant hotel manager (TR 55).  Plaintiff alleged that she was unable to return to work due to left knee and back pain, chronic fatigue, post-traumatic stress disorder (PTSD), anxiety, and depression (TR 43).  Claimant estimated that she could sit for twenty to thirty minutes before she had to get up and move around (TR 44-45).  Her left knee starts to hurt if she stands for more than ten minutes (TR 45).  Plaintiff believed that she could walk about a block before needing to stop and take a break.  She had a cane prescribed for her in 2007, and she uses it whenever she is outside her home (TR 45).  Claimant allegedly can lift about five pounds without increasing pain, and suffers from numbness in the hands (TR 46).  She has difficulty

2

climbing the stairs because of her knee pain (TR 47). Plaintiff also described difficulties sleeping at night (TR 48). Her memory is "a little fuzzy", and she easily gets overwhelmed and anxious. She experiences periodic panic attacks (TR 48).

A Vocational Expert (VE), Michelle Ross, classified Plaintiff's past work as light, skilled activity (TR 55). The witness explained that there would not be any jobs for claimant to perform if her testimony were fully accepted[1] (TR 57). If she were capable of medium work, however, there were numerous unskilled machine tending, packaging, cleaning and line attendant jobs that she could still perform with minimal vocational adjustment (TR 56). These simple, routine, low-stress jobs did not expose her to high production demands or frequent changes in the work setting. There would only be occasional interaction with supervisors, co-workers and the public (TR 56).

## B.    ALJ's Findings

The Administrative Law Judge found that Plaintiff was impaired as a result of chronic fatigue, an affective disorder and anxiety. Claimant did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. Nevertheless, the ALJ determined that Plaintiff remained capable of performing a range of medium work that would not expose her to high production demands or frequent changes in a routine work setting. She was further limited to jobs where she would only have to remember, understand, and carry out simple instructions while performing tasks with no

---

[1] The witness opined that Plaintiff's alleged need to miss at least three days of work per month would preclude all work activity (TR 57).

3

more than occasional interaction with supervisors, the public or co-workers. The ALJ found that Plaintiff retained the residual functional capacity to perform a significant number of medium jobs, within those limitations, as identified by the Vocational Expert (TR 25-33).

### C.      Standard of Review

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions.  Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards.  Richardson v. Perales, 402 U.S. 389, 401 (1971).  Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).  This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court

would decide the matter differently, <u>Kinsella v. Schweiker</u>, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that she remains capable of performing a limited range of medium work activity. She also argues that the ALJ improperly discounted her allegations of disabling functional limitations, given the medical evidence of record. Defendant counters that the claimant retains the residual functional capacity for a reduced range of medium work because the objective clinical evidence of record did not confirm the disabling nature of her fatigue or mental difficulties.

### D.    Discussion and Analysis

After review of the record, I suggest that there is substantial evidence on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of medium work. The medical evidence, as a whole, fails to provide objective support for claimant's allegations of severe and totally disabling functional limitations stemming from her joint pain, fatigue affective disorder or anxiety.

A physical examination conducted in June 2011, confirmed that Plaintiff experienced multiple arthralgias, but there was no evidence of joint swelling or stiffness (TR 221). Musculoskeletal and neurological examinations were reportedly normal (TR 223). While claimant alleged that she suffered from severe fatigue, she was able to care for her personal needs, perform household chores, prepare meals for her family, garden, bake, ride a jet ski, and help her husband build a fish pond (TR 160, 321-22, 326-27, 333, 420). In contrast to

5

her reported limitations in social functioning, the ALJ noted that Plaintiff lived with, and helped care for, family members. She also visited others out of state on multiple occasions, actively applied for jobs and traveled for multiple interviews (TR 26-27, 29-30, 50, 52-53, 175).

While Plaintiff reportedly had ongoing problems with concentration and memory for nearly a decade, her long time treating psychiatrist, Dr. Hassan S. Almaat, reported in September 2009, that therapy and medications had successfully alleviated feelings of depression, anxiety, hopelessness and worthlessness (TR 287-288). The treating doctor's mental status findings were consistently normal (TR 277-278, 281, 283-284, 286), and claimant reportedly never experienced any delusional or hallucinatory episodes (TR 277, 281, 283-284, 286).

Subsequent treatment records from Dr. Almaat and two assistant therapists working in his office (Ms. Mummaw and Ms. Koch) documented problems that were largely consistent with prior records (TR 317-334, 414-418, 420, 556-561, 563-566, 569-577, 580-590, 595-596, 599-604).   Dr. Almaat continued to report normal mental status examination findings, and diagnose moderate depression (TR 330, 559, 586, 603). Plaintiff's intermittent struggles concerned family issues. The providers' examination findings continued to be largely normal, with no reported difficulties with concentration, memory, hallucinations or delusions (TR 319, 321, 326-34, 417-18, 421, 557-561, 563-566, 569-577, 580-590, 595-596, 599-604).

Plaintiff indicated in June 2011, that she was enjoying gardening, relaxing, reading, and watching television (TR 333). The following month, she felt more energetic with a stabilized mood. By August 2011, Plaintiff stated that she had enjoyed spending time baking with her grandchildren, and felt a sense of accomplishment after cleaning her house for the winter (TR 420).

In treatment notes throughout 2012, Plaintiff generally reported that her mood was stable, apart from situational stressors (TR 556-604). For instance, claimant's inability to find suitable employment after losing her job the previous year increased her anxiety. Moreover, Plaintiff was under increased stress when her step-daughter and four children temporarily moved into her home. Each of these episodes reportedly contributed to her depression (TR 268). Nevertheless, claimant reported feeling happy after having "a night on the town." She later indicated that her home life had improved with better communication and firmer boundaries (TR 249-251).

There was no objective medical evidence suggesting that she suffered severe side effects from medications, or that she needed to rest frequently throughout the day. The ALJ also took into consideration claimant's objectively proven functional limitations by restricting her to simple, routine jobs that did not require much interaction with supervisors, co-workers and the general public.

Plaintiff relies heavily upon the fact that Dr. Almaat later opined in July 2012, that Plaintiff was incapable of even low-stress work, and would likely be absent more than three

7

times per month (TR 534-535). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government.  <u>Allen v. Califano</u>, 613 F.2d 139, 145 (6th Cir. 1980).  However, the opinion of a treating physician is entitled to deference only if his or her clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence.  <u>Harris v. Heckler</u>, 756 F.2d 431, 435 (6th Cir. 1985).  Since Dr. Almaat offered little objective evidence during the relevant period to support his July 2012, statement of disability[2], his opinion need not have been given any special weight.  <u>Miller v. Secretary</u>, 843 F.2d 221, 224  (6th Cir. 1988).  Under these circumstances, the totality of the evidence must be considered.  <u>Landsaw v. Secretary</u>, 803 F.2d  211, 213 (6th Cir. 1986).

It is the rare case, indeed the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness,

---

[2] The ALJ rejected the doctor's disability opinion, setting forth persuasive reasons for doing so (TR 26-30). The ALJ reasonably declined to give controlling weight to Dr. Almaat's opinion because it was unsupported by his own treatment notes, which  documented unremarkable mental status examinations (TR 30, 266, 274, 276, 283, 286, 288, 330, 559, 586, 603).  Furthermore, the ALJ  recounted substantial evidence that Plaintiff did not have "marked" limitations in social functioning, as Dr. Almaat assessed, noting that she lived with and helped care for family members, traveled out of state on multiple occasions, visited with friends, and applied for jobs in person (TR 26-27, 29-30, 50, 52-53, 175).

evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly.  Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978).  See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with her significant impairments[3], the Vocational Expert testified that there were numerous unskilled machine tending, packaging, cleaning and line attendant jobs that she could still perform with minimal vocational adjustment (TR 56).  These simple, routine, low-stress jobs did not expose her to high production demands or frequent changes in the work setting. There would only be occasional interaction with supervisors, co-workers and the public (TR 56). Given the objective clinical findings of the examining physicians of record during the

---

[3]The Administrative Law Judge's hypothetical questions to the Vocational Expert (VE) accurately described Plaintiff's moderate limitations caused by her joint pain and emotional difficulties.  The ALJ reasonably determined that claimant's on-going joint discomfort limited her to jobs that did not involve frequent climbing, or doing any overhead lifting. She was also limited to simple tasks that did not require complex thinking to accommodate her mental problems (TR 21). The Sixth Circuit has held that hypothetical questions to experts are not required to included lists of claimant's medical conditions.  Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

relevant period, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of medium work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

## III.   <u>REVIEW</u>

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ Charles E Binder

CHARLES E. BINDER
United States Magistrate Judge

Dated: December 23, 2014