UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHERINE ELLEN OWENS,

      Plaintiff,

v.                                                                                  Case No. 13-13773

                                              HON. AVERN COHN

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

      Defendant.

_____/

**MEMORANDUM AND ORDER**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 13) AND**
**DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. 10)**

**I. INTRODUCTION**

This is a social security case.  Plaintiff Katherine Ellen Owens (Plaintiff) appeals from the final decision of the Commissioner of Social Security (Commissioner) denying her application for Social Security Disability Benefits.  Plaintiff claims disability since July 12, 2010, due to arthritis, depression, post-traumatic stress disorder (PTSD), and anxiety.  (Tr. at 59)

The parties filed cross motions for summary judgment.  (Docs. 10, 13)  The motions were referred to a Magistrate Judge (MJ) for a report and recommendation (R&R).  The MJ recommends that the Court deny Plaintiff's motion for summary judgment and grant the Commissioner's motion.  Now before the Court is Plaintiff's objections to the R&R.  (Doc. 15)  For the folowing reasons, the Court will adopt the R&R as the findings and conclusions of the Court.  The Commissioner's Motion for

Summary Judgment (Doc. 13) is GRANTED and Plaintiff's Motion for Summary Judgment (Doc. 10) is DENIED.

## II. BACKGROUND

The R&R sets forth the facts, many of which are repeated here. Plaintiff applied for disability benefits in April 2011, alleging that she was disabled and unable to work since July 12, 2010, at age 52, due to arthritis, depression, PTSD, and anxiety. (Tr. at 59) The Social Security Administration (SSA) denied Plaintiff's claim, and Plaintiff requested a hearing before an ALJ.

### A. The ALJ's Decision

After considering evidence presented at the hearing and in the record, the ALJ determined that Plaintiff was not entitled to disability benefits because she retained the residual functional capacity to perform a limited range of medium work. (Tr. at 25-33) The ALJ relied on the opinion of vocational expert Michelle Ross, who testified that given all of the factors, "[Plaintiff] would be able to perform the requirements of representative unskilled, medium exertional level occupations in the state of Michigan . . . ." (Tr. 72) In reaching her decision, the ALJ considered Plaintiff's own testimony, weighed the medical assessments, and evaluated Plaintiff's credibility, as described below.

### 1. Plaintiff's Testimony

Plaintiff was 54 years old at the time of the administrative hearing. (Tr. at 42) She received a high school degree and was employed during the relevant past as an assistant hotel manager. (Tr. at 55)

At the administrative hearing, Plaintiff testified that she is unable to work due to a combination of symptoms.  She testified that she could only sit for 20 to 30 minutes, stand for 10 minutes, and walk for a block, due to pain in her back and knees.  (Tr. at 44-45)  Her left knee starts to hurt if she stands for more than 10 minutes.  (Tr. at 45)  Plaintiff had a cane prescribed for her in 2007, and she uses it whenever she is outside her home to ambulate for pain relief and balance control.  (Tr. at 45)  Plaintiff testified she has difficulty climbing the stairs because of her knee pain.  (Tr. at 47)  She can lift about five pounds without increasing pain, and suffers from numbness in the hands.  (Tr. at 46)  Plaintiff also described difficulties sleeping at night.  (Tr. at 48)  Her memory is "a little fuzzy," and she easily gets overwhelmed and anxious. Plaintiff testified that she has panic attacks when in public or when at home thinking about leaving the house.  (Tr. at 48)

### 2. Medical Assessments

The ALJ further considered Plaintiff's longitudinal medical history, including the opinions of several medical sources.  These opinions, as well as their relative weight provided by the ALJ, are summarized as follows:

- John DeLoach, Ph.D., a state agency reviewing psychologist, opined that Plaintiff retains the capacity to perform simple and repetitive tasks on a sustained basis. The ALJ gave Dr. DeLoach's opinion significant weight.  (Tr. at 70)

- Daniel Dolanski, D.O. a state agency reviewing physician, opined that Plaintiff does not have any severe physical impairment.  However, the ALJ gave Dr. Dolanski's opinion only "some weight," and determined that Plaintiff has a medium functional capacity because Plaintiff receives continual treatment.  (*Id.*)

- Dr. Hassan Almaat, M.D. Plaintiff's treating doctor, indicated that Plaintiff has mild to moderate limitations in understanding and memory; mild to moderate limitations in sustained concentration and persistence; mild to marked limitations in social functioning; and moderate to marked limitations in adaption.  Dr. Almaat

3

opined that Plaintiff is incapable of even low stress jobs and that she would miss more than three days of work per month. The ALJ gave Dr. Almaat's opinion little weight, stating that his conclusions were not consistent with his treatment notes, which show unremarkable mental status examinations. (*Id.*)

- Ms. Mary Mummaw, Plaintiff's therapist, opined that Plaintiff has mild to marked limitations in understanding and memory; mild to marked limitations in sustained concentration and persistence; moderate to marked limitations in social interaction; and moderate to marked limitations in adaption. Ms. Mummaw opined that Plaintiff is incapable of even low stress work and would miss more than three days of work per month. The ALJ gave Ms. Mummaw's opinion little weight. The ALJ noted that although Ms. Mummaw is not an acceptable medical source, her opinion was nonetheless considered pursuant to SSR 06-03p. However, the ALJ determined that her opinion is not consistent with the medical evidence of record. (*Id.*)

- Ms. Karen Koch, one of Plaintiff's medical providers, indicated that Plaintiff can sit for three hours out of an eight-hour workday and stand/walk for one hour of an eight-hour workday. She further opined that Plaintiff can lift or carry up to 20 pounds occasional and up to 10 pounds frequently, and concluded that Plaintiff is incapable of even low stress work and would require unscheduled work breaks every 30 minutes. The ALJ gave Ms. Koch's opinion little weight. The ALJ noted that although Ms. Koch is not an acceptable medical source, her opinion was nonetheless considered pursuant to SSR 06-03p. The ALJ discounted Ms. Koch's opinion because it was not consistent with her treatment notes or with Plaintiff's reported physical activities. (Tr. at 70-71)

The medical statements made by Dr. Almaat, Ms. Mummaw, and Ms. Koch indicate a higher degree of disability than the assessments made Dr. DeLoach, Dr. Dolanski, and Ms. Ross. It is the difference in opinion, and the relative weight that the ALJ gave those opinions, that has become the focus of the current dispute.

### 3. Plaintiff's Credibility and the ALJ's Conclusions

After considering Plaintiff's testimony and determining its credibility through findings of fact, the ALJ made the following statement:

The record shows the [Plaintiff] took care of young children....[Plaintiff] enjoys and participates in gardening, baking, and riding a jet ski…[Plaintiff] has also visited her daughter in Nebraska twice…[and] the record shows that [Plaintiff] was responding well to treatment…These findings are not

4

consistent with her complaints of disabling symptoms, but rather tend to support the limitations in the residual functional capacity of medium exertional work with the limitations indicated.

(Tr. at 70)   The ALJ further discussed Plaintiff's medical impairments as well as her relevant medical history and concluded:

> Although the evidence establishes underlying medical conditions capable of producing some limitations, the substantial evidence of record does not confirm disabling limitations arising from these impairments, nor does it support a conclusion that the objectively determined medical conditions are of such severity that they could reasonably be expected to give rise to disabling conditions.
>
> The [ALJ] finds that the…evidence establishes that the claimant experienced no greater than, at most, mild to moderate functional limitations upon her ability to perform basic work activities…

(Tr. at 71)

## B. Plaintiff's Objections to the R&R

Plaintiff requested a review of the ALJ's decision.  The Appeals Council (AC) declined to review Plaintiff's case, finding no reason to disturb the findings of the ALJ. Plaintiff filed the instant action for judicial review of the denial of benefits.  The parties filed cross motions for summary judgment (Docs 10, 13), which were referred to the MJ. The R&R rejected Plaintiff's assertions and found that there was substantial evidence in the record to support the ALJ's decision.

Plaintiff has advanced two primary objections.  First, she argues the ALJ erred in failing to give controlling weight or even deference to her treating psychiatrist, Dr. Almaat, treating therapist, Ms. Mummaw, or treating physician assistant, Ms. Koch, who all offered opinions supporting a finding of disability.  As a second objection, Plaintiff claims that the ALJ erred in failing to properly evaluate Plaintiff's credibility.  Defendant,

in its cross motion for summary judgment, argues that the ALJ appropriately weighed the medical evidence and appropriately evaluated Plaintiff's credibility.

## III. ANALYSIS

### A.  Standard of Review

Judicial review of a Social Security disability benefits application is limited to determining whether the commissioner "has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).  A reviewing court may not resolve conflicts in the evidence or decide questions of credibility.  *Brainard v. Sec'y of HHS*, 889 F.2d 679, 681 (6th Cir. 1989).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  It is "more than a scintilla but less than a preponderance."  *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 299 (1938).  The Substantiality of the evidence must be based upon the record taken as a whole. *Futernick v. Richardson*, 484 F.2d 647, 649 (6th Cir. 1973).  The substantial evidence standard "presupposes that there is a zone of choice within which the decision makers can go either way, without interference with the courts."  *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).  The portions of the R&R that the claimant finds objectionable are reviewed *de novo.*  28 U.S.C. § 636(b)(1)(c); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

### B. Discussion

#### 1. The ALJ Properly Weighed the Medical Evidence

6

In her first claim of error, Plaintiff says that the ALJ failed to give appropriate weight to the opinions of her treating psychiatrist, Dr. Almaat, treating therapist Ms. Mummaw, and treating physician's assistant, Ms. Koch, whose opinions support a finding of disability. (Doc. 10 at 7-13) However, the record reflects otherwise.

Under the "Treating-Source Rule," the opinions of a claimant's treating physician are generally given more weight than those of non-treating and non-examining physicians because treating sources "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations…" 20 C.F.R 404.1527(C)(2). Further, the opinion of a treating physician is given controlling weight when it is "well-supported by medically accepted clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *Id.*; *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 641, 544 (6th Cir. 2004).

When an ALJ does not give a treating physician's opinion controlling weight, the ALJ must consider a number of factors in determining how much weight is appropriate. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242. The ALJ must also provide "good reasons" for discounting a treating physician's opinion, which are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* (quoting Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *4). The purpose of this rule is twofold: "to let claimants understand the disposition of their cases," and to "ensure[] that the ALJ applies the

treating physician rule and permits meaningful review of the ALJ's application of the rule." *Wilson*, 378 F.3d at 544 (quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999).

Here, the ALJ explained that she gave the opinions of the treating psychiatrist, therapist and physician's assistant "little weight" because they were inconsistent with Dr. Almaat's treatment notes, Plaintiff's reported daily activities and social functions, and the medical evidence of record. The ALJ's reasoning is well founded.

The ALJ provided good reasons why Dr. Almaat and Ms. Mummaw's opinions were given little weight. To begin, both Dr. Almaat and Mrs. Mummaw indicated in their statements that Plaintiff is incapable of even low stress jobs. However, the ALJ noted that Plaintiff had only mild restrictions in daily living, was able to take care of personal needs without assistance, perform chores around the house, and make meals for her family. (Tr. at 27) Further, although Dr. Almaat and Ms. Mummaw indicated Plaintiff has mild to marked limitations in social functioning, the ALJ also noted that Plaintiff lived with, and helped care for, family members, visited family out of state on multiple occasions, actively applied for jobs, and traveled to multiple interviews. (*Id.*)

In addition, the ALJ noted that Dr. Almaat's opinion was inconsistent with his treatments notes, and that Ms. Mummaw's opinions were inconsistent with the medical evidence of record. The ALJ referenced Dr. Almaat's treatment records, which indicate that over time Plaintiff's condition improved significantly and her mood stabilized through therapy and medication. (*See, e.g.*, Tr. at 283-84, 286, 431) The record further indicates that, despite some fluctuating symptoms related to depression and anxiety continued, Dr. Almaat increasingly reported that Plaintiff's symptoms were easing, she was sleeping better, and she was generally doing well. (*See, e.g.*, Tr. at 333, 559, 586,

601)  However, Dr. Almaat opined that Plaintiff was incapable of even low stress jobs and would miss more than three days of work per month.  In assigning Dr. Almaat's opinion little weight, the ALJ stated that Dr. Almaat's opinion was inconsistent with his treatment notes, which demonstrate a significant improvement in Plaintiff's condition. (Tr. at 30)  Similarly, the ALJ noted that Ms. Mummaw's opinion was not consistent with the medical evidence of record.  (*Id.*)

Ms. Koch indicated in her statement that Plaintiff has moderate limitations in grasping, turning, twisting, and reaching.  However, the ALJ pointed out this statement is inconsistent with Plaintiff's physical examination conducted in June 2011.  The ALJ noted that while Plaintiff experienced joint pain, there was no evidence of joint swelling or stiffness, and musculoskeletal and neurological examinations were reportedly normal.  (Tr. at 221-23)  Ms. Koch also indicated in her statement that Plaintiff was incapable of even low stress work; however, as noted above, this is contradicted by evidence that Plaintiff was able to care for her personal needs, perform household chores, care for young children, and enjoys gardening, baking, and riding a jet ski.  (Tr. at 69)

These reasons for discounting the opinions of Dr. Almaat, Ms. Mummaw, and Ms. Koch are well founded.  The ALJ provided adequate reasons for giving little weight to these opinions, and the Court is able to engage in a meaningful review of her decision.  Plaintiff's objections therefore cannot prevail.

### 2. The ALJ Properly Evaluated Plaintiff's Credibility

Plaintiff argues that the ALJ erred in determining that Plaintiff's testimony regarding her symptoms and the severity of her condition was not credible. Specifically,

Plaintiff argues that there was not substantial evidence supporting the ALJ's credibility determination. The record, however, establishes otherwise.

Although any credibility assessment made by an ALJ must be supported by substantial evidence in the record, the ALJ's findings regarding a claimant's credibility "are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters*, 127 F.3d at 531. However, an ALJ's determination on credibility is not immune from review. An ALJ's credibility determination must also contain "specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7P, 1996 WL 374186 (July 2, 1996).

Here, the ALJ used factors considered under SSR 96-7p in determining the credibility of Plaintiff's allegations and provided numerous reasons why Plaintiff's claims were not credible. The ALJ noted Plaintiff's statements "concerning the intensity, persistence, and limiting effects of [her] symptoms are…inconsistent with the residual functional capacity assessment."

The ALJ specifically noted that despite Plaintiff's allegations that she does not leave the house, Plaintiff requested Xanax for an airplane flight and has visited her daughter in Nebraska twice—once flying there alone, and another time driving with the assistance of her other daughter. (Tr. at 69) Additionally, Plaintiff entered the ALJ's hearing room using a cane, which she testified was prescribed to her in 2007. However, treatment notes make no mention of Plaintiff's cane use. (*Id.*) In fact, the

treatment notes indicate Plaintiff was responding well to treatment and that she "enjoys and participates in" gardening, baking, and riding a jet ski.  (Tr. at 69; 2F, pp.10, 11, 17; 3F, p.3, 8) Plaintiff even helped her husband build a fishpond.  (Tr. at 69; 2F, p.11) Plaintiff reported limitations in social functioning, yet the ALJ noted that she lived with, and helped care for, family members, traveled out of state on multiple occasions, visited friends, and applied for jobs in person.  (Tr. 26-27, 29-30, 50, 52-53, 175) The Plaintiff reported ongoing problems with concentration and memory, yet the ALJ noted that her treating doctor's mental status findings were consistently normal.  (Tr. at 277-278, 281, 283-284, 286), and Plaintiff reported she never experienced any delusional or hallucinatory periods.  (Tr. at 277, 281, 283-284, 286)

The ALJ also noted that Plaintiff was collecting unemployment during her period of alleged disability from the State of Michigan.  (Tr. at 69; 6D) The ALJ stated that "to receive unemployment compensation benefits in the State of Michigan, the claimant must take an oath that she is able and willing to work if work is provided."  (Tr. 69)  The ALJ acknowledged that the application and receipt of unemployment compensation benefits alone is not dispositive of the issue of eligibility of disability benefits.  (*Id.*) However, the ALJ is not precluded from considering the fact that Plaintiff represents herself as able to work in collecting unemployment benefits. Plaintiff's unemployment compensation does indeed contradict "the allegation that [Plaintiff] was unable to perform any work existing in significant numbers, especially considering the claimant's age, education and continuing job search[]."  (*Id.*)

The ALJ is tasked with observing a witness's demeanor and credibility, and the ALJ's findings related to Plaintiff's credibility are well founded and consistent with the

record as a whole.   Therefore, the ALJ provided specific reasons for its credibility determination that were supported by substantial evidence in the record.

## VI. CONCLUSION

For the reasons stated above, the R&R is adopted as the findings and conclusions of the Court, supplemented as above.   Plaintiff's motion for summary judgment has therefore been denied, and the Commissioner's motion for summary judgment granted.   This case is DISMISSED.

SO ORDERED.

s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  February 27, 2015


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 27, 2015, by electronic and/or ordinary mail.


s/Sakne Chami
Case Manager, (313) 234-5160